IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | | |
|---|---|---|---|
| JULI GONZALEZ | § | | |
| Plaintiff, | § | | |
| | § | | |
| v. | § | Civil Action No. | 5:22cv176 |
| | § | | |
| STATE FARM LLOYDS | § | | |
| Defendant. | § | | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.      On January 18, 2022, Plaintiff Juli Gonzalez filed her Original Petition styled *Juli Gonzalez v. State Farm Lloyds;* Cause No. 2022CI00997; In the 407th Judicial District Court, Bexar County, Texas.[1]

2.      Service of suit upon State Farm's registered agent occurred on January 27, 2022 and State Farm timely answered thereafter on February 8, 2022.[2]

3.      State Farm now timely files this Notice of Removal within thirty (30) days of service of suit.

---

[1] *See* Exhibit A, Plaintiff's Original Petition, page 1.
[2] *See* Exhibit A, State Farm's Original Answer.

### Nature of the Suit

4.      This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claim for damages allegedly caused by a severe weather event occurring on or about May 26, 2020 at Plaintiff's property located at 723 East Drexel Avenue, San Antonio, Texas 78230.  Plaintiff asserts causes of action against State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code (unfair settlement practices and noncompliance with the prompt payment of claims), breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and common law fraud.  Plaintiff currently seeks actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

### Basis for Removal

5.      Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

6.      Upon information and belief, Plaintiff was a citizen of Texas when her Petition was filed, and she continues to be a citizen of Texas.

7.      At the time Plaintiff's Original Petition was filed in State District Court on January 18, 2022 naming State Farm Lloyds as Defendant, and as of the date of filing this Notice, State Farm Lloyds was and is not a citizen of the State of Texas for diversity jurisdiction

---

[3] The Original Petition asserts Plaintiff is "seeking monetary relief over $500,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees."  *See* Exhibit A, Plaintiff's Original Petition, page 2.

purposes.[4]  State Farm Lloyds is an association of individual underwriters.[5]  At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the underwriters were and are domiciled in either Colorado or Illinois[6].  Specifically, all underwriters are residents of either Colorado or Illinois, employed in Illinois and are intending to remain domiciled in Illinois or Colorado during their time as an underwriter for State Farm Lloyds.[7]

8.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff made a pre-litigation demand on May 13, 2021 asserting actual damages in the amount of $199,026.24, with the threat of an after-suit demand of $600,000.00.[8]  Consistent with the amount sought in the Petition, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

9.      In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[9]

---

[4] *See* Exhibit B, Affidavit of Michael Roper; *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

[5] *See* Exhibit B, Affidavit of Michael Roper.

[6] *Id.*

[7] *Id.*

[8] *See* Exhibit D, Plaintiff's pre-litigation DTPA demand dated May 13, 2021.

[9]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's

Here, Plaintiff claims severe weather caused damage to her property that Plaintiff insured through State Farm Lloyds.[10]  Plaintiff seeks damages for State Farm's alleged failure to pay what was owed under the terms of Plaintiff's insurance contract.[11]  The Policy at issue for the reported date of loss is a Texas Homeowners Policy with coverage limits of $245,300 for the dwelling, $24,873 for other structures, and $186,551 for personal property.

10.     In addition, Plaintiff seeks actual damages and statutory interest penalties.[12] Plaintiff also seeks attorney fees for bringing this suit.[13]  Thus, given the plain language of her pleading, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

11.     Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

### The Removal is Procedurally Correct

12.     State Farm was first served with Plaintiff's Original Petition in District Court on January 27, 2022.  Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

---

fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).

[10] *See* Exhibit A, Plaintiff's Original Petition, page 2.

[11] *See* Exhibit A, Plaintiff's Original Petition, pages 2-3.

[12] *See* Exhibit A, Plaintiff's Original Petition, pages 11-13.

[13] *See* Exhibit A, Plaintiff's Original Petition, page 12.

14.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

16.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 407th Judicial District Court for Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 407th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:     (210) 227-2200
Facsimile:      (210) 227-4602
dstephens@lsslaw.com
rrabago@lsslaw.com


By:     _____
David R. Stephens
State Bar No. 19146100
Rebecca M. Rábago
State Bar No. 24042442


COUNSEL FOR DEFENDANT STATE FARM
LLOYDS

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing via CM/ECF to:

Shaun W. Hodge
Katherine C. Hairfield
THE HODGE LAW FIRM, PLLC
1301 Market Street
Galveston, Texas 77550
shodge@hodgefirm.com
khairfield@hodgefirm.com

David R. Stephens/Rebecca M. Rábago